UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Roger James Silverio Jr

Case No. 25-16856-SMG
Chapter 13

Debtor.

**OBJECTION TO CONFIRMATION OF PLAN**

COMES NOW, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-3 as serviced by NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") files its Objection to Confirmation of the Debtor's Chapter 13 Plan (ECF No. 12) and states:

1. Secured Creditor holds a first mortgage security interest in the Debtor's real property located at 6200 Southwest 16th Street, North Lauderdale, Florida 33068 (the "Property"). The mortgage secures a note in the amount of $261,250.00.

2. Secured Creditor will file a Proof of Claim prior to the bar date evidencing arrears in the approximate amount of amount of $86,568.26. This amount represents monthly payments, pre-petition late charges, advances for taxes/insurance, foreclosure costs and attorney's fees incurred with respect to the default.

3. The Debtor's plan as proposed appears to contemplate that there will be no cure for the pre-petition arrears of Shellpoint unless or until a Loan Modification is achieved and is based on a mediation that may not occur as no motion has been filed. The requirements of 11 U.S.C § 1322(d) do not allow for payment over a period longer than 5 years. Moreover, the debtor is

obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C § 1322(b)(5). Accordingly, in the event that the ongoing loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C § 1325(a)(1).

4. No Motion for Referral to Loan Modification Mediation has been filed at the time of filing this Objection.

5. As a result of the foregoing, the Debtor's Chapter 13 Plan is not confirmable as the Plan fails to provide for the full claim of Secured Creditor Pursuant to §1325(a)(5)(B)(ii) of the Bankruptcy Code. As such, Secured Creditor objects to the confirmation of the Debtor's Chapter 13 Plan.

For the foregoing reasons, Secured Creditor respectfully suggests that the Debtor cannot confirm their Chapter 13 Plan as proposed, and Confirmation should be denied.

**WHEREFORE**, Secured Creditor respectfully requests the Court sustain this Objection and for such other and further relief as the Court deems appropriate.

Dated: July 23, 2025

Respectfully submitted,

/s/ Leslie Rushing

Leslie Rushing, Esq.
Florida Bar No. 98106
Hill Wallack LLP
Attorney for Secured Creditor
300 S Orange Ave, Suite 1000
Orlando, FL 32801
Telephone: 561-858-2661
Email: lrushing@hillwallack.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first-class mail this 23rd day of July, 2025

**VIA FIRST CLASS MAIL**
Roger James Silverio Jr
6200 SW 16 St
N Lauderdale, FL 33068

**VIA CM/ECF NOTICE**
Debtor's Attorney
Conwade D. Lewis, Esq.
3890 West Commercial Blvd Ste#225
Tamarac, FL 33309
vwlewis@aol.com

Trustee
Robin R Weiner
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355

United States Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

I hereby certify that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in the Court as set forth in Local Rule 2090-1(A).

/s/ Leslie Rushing
Leslie Rushing, Esq.
Florida Bar No. 98106
Hill Wallack LLP
Attorney for Secured Creditor
300 S Orange Ave, Suite 1000
Orlando, FL 32801
Telephone: 561-858-2661
Email: lrushing@hillwallack.com